UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80769-CIV-SMITH

MATHIEU ROSINSKY,

        Plaintiff,

vs.

GEIGTECH EAST BAY, LLC

        Defendant.

_____/

## ORDER GRANTING MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand [DE 8], Defendant's Response [DE 16] and Plaintiff's Reply [DE 17]. Defendant removed this breach of contract and breach of warranty action to federal court pursuant to 28 U.S.C. § 1454 and based on Defendant's patent infringement counterclaim. Plaintiff seeks to remand this matter because Defendant's removal was untimely. Plaintiff also contends that even if removal was timely, the Court lacks jurisdiction over Plaintiff's state law claims. Because removal was untimely, Plaintiff's motion is **GRANTED.**

### I. FACTUAL BACKGROUND

On February 25, 2020, Plaintiff filed this action in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach, County, Florida. The Complaint is based on state law breach of contract and breach of warranty claims arising out of Defendant's purported defective installation and supply of an interior shading system in Plaintiff's home. (*See generally* Compl. [DE 1-2]).

In 2017, the parties entered into a written agreement whereby Defendant agreed to install a motorized shading system in Plaintiff's home.  (DE 1-2 at 5.)  The work was completed by Defendant in December 2017.  (*Id.*)  According to the Complaint, Plaintiff discovered defects in the work after completion.  (*Id.* at 5-6.)  Plaintiff allegedly provided Defendant with several warranty notices but Defendant failed or refused to cure the purported defects.  (*Id.* at 6.)  As a result, Plaintiff hired another company, Lutron, to replace the shading system in his home. (*Id.* at 114-119.)   This lawsuit was filed against Defendant to recover damages associated with having to correct, repair and replace Defendant's work.  (*Id*. at 7.)

On March 2, 2020, Defendant was served with Plaintiff's Complaint.  (DE 1-2 at 53.)  On April 2, 2020, a Clerk's Default was entered because of Defendant's failure to defend or otherwise file or serve any papers in the action.  (DE 8-2).  On April 9, 2020, Defendant filed its Notice of Appearance in the state court action.  (DE 16 at 3.)  On April 14, 2020, Defendant moved to vacate the Clerk's Default.  (*Id.*)  On April 21, 2020, the state court granted Defendant's motion to vacate the Clerk's Default.  (*Id.*)  On May 10, 2020, Defendant filed its Answer, Affirmative Defenses and Counterclaim in the state court action, contending that Plaintiff infringed upon Defendant's patents.  (*Id.*)  On May 11, 2020, Defendant filed a Notice of Removal based on its counterclaim and pursuant to 28 U.S.C. § 1454.  (DE 1.)

On June 3, 2020, Plaintiff filed his Motion to Remand.  On June 16, 2020, Defendant filed its Response in Opposition.  On June 23, 2020, Plaintiff filed its Reply.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1446(b), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  However, "if the case

2

stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Removal statutes should be narrowly construed. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

### III. DISCUSSION

#### A. Removal was untimely.

Plaintiff argues that Defendant's removal was untimely because Defendant filed its Notice of Removal based on its counterclaim more than seventy (70) days after it was served with the state court summons and complaint.  (DE 8 at 3).  Defendant on the other hand argues that removal was timely because it could not file its Notice of Removal until after the default judgement was vacated by the state court.  (DE 16 at 4-6.)  The Court disagrees with Defendant's contentions.

Contrary to Defendant's argument, Defendant could have filed its Notice of Removal prior to the state court entering an order vacating the default judgment.  In fact, district courts can enter orders vacating default judgments.  *See Rodgers v. Quicken Loan Inc.*, Case No. 6:13-cv-1195-Orl-18TBS, 2013 WL 12388554, at *2 (M.D. Fla.), *report adopted and aff'd*, 2013 WL 6511725 (M.D. Fla. Dec. 12, 2013) (adopting report of the magistrate and holding that federal court has authority under Federal Rule of Civil Procedure 60 to vacate a default entered in state court.).  Because federal courts have authority to vacate default judgments entered in state court, Defendant's argument fails.

Further, Defendant's Notice was untimely because it was filed after the applicable thirty-day period pursuant to 28 U.S.C. § 1446.  Pursuant to 28 U.S.C. § 1446, a notice of removal must be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of

3

the initial pleading setting forth the claim for relief upon which a claim or proceeding is based."

28 U.S.C. § 1446.[1]  Based on the record before the Court, it is clear that Defendant knew that this

case was removable well before the time it was served with the Complaint on March 2, 2020.

Defendant admittedly has been involved in an ongoing patent lawsuit with nonparty Lutron over

the very same patents Defendant contends Plaintiff is infringing.  On February 7, 2020, (prior to

the service of the Complaint) Defendant advised Plaintiff of the ongoing litigation and warned

Plaintiff of his purported infringement should he hire and move forward with Lutron to replace the

shading system.  Because Defendant failed to comply with the applicable thirty-day period and

because removal statues are to be strictly construed, the Motion is granted.

### B.  Plaintiff is not entitled to attorney's fees and costs.

Plaintiff, pursuant 28 U.S.C. § 1447(c), seeks the attorney's fees and costs incurred because

of Defendant's improper removal.  "[C]ourts may award attorney's fees under § 1447(c) only

where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v.*

*Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, Defendant's removal—although

untimely—was based on 28 U.S.C. § 1454, which permits removal of any claim arising under

federal patent law.  Thus, the Court finds that Defendant had an objectively reasonable basis for

seeking removal and thus, will not award attorneys' fees.  *Martin*, 546 U.S. at 141 ("[W]hen an

objectively reasonably basis exists, fees should be denied."). Consequently, Plaintiff is not entitled

to his reasonable fees and costs associated with his Motion.

Accordingly, it is

**ORDERED** that:

---

[1] 28 U.S.C. § 1454(b) incorporates deadlines mandated by 28 U.S.C. § 1446.

1. Plaintiff's Motion to Remand [DE 8] is **GRANTED**.  This matter is **REMANDED** to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2. All pending motions not otherwise ruled upon are **DENIED as moot.**

3. This case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of September 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Cc:     Copies to Counsel of Record

5